On Direct Appointment

---

In the Matter of the Arbitration Between

Lewis County Rural Electric Cooperative Association

And

International Brotherhood of Electrical Workers, Local Union Number 2

---

OPINION AND AWARD

Arbitrator: Richard Van Kalker

Date of Award: July 10, 2019

---

Appearance for Lewis County Rural Electric Cooperative Association: Rick Temple, Esq., Springfield, Missouri

Appearance for International Brotherhood of Electrical Workers, Local Union Number 2: Amanda Hansen, Schuchat, Cook & Werner, St. Louis, Missouri

I.   INTRODUCTION

This arbitration arises pursuant to a collective bargaining agreement dated November 9, 2017 by and between the Lewis County Rural Electric Cooperative Association (the "Company") and the International Brotherhood of Electrical Workers, Local Union Number 2 (the "Union") ("CBA") on behalf of Tammy Tate (the "Grievant").

The undersigned was selected by the parties to conduct a hearing and render a final and binding arbitration award.

The hearing in this matter was held on May 8, 2019 in Canton, Missouri.  A stenographer was present at the hearing and prepared a transcript of the hearing.

In addition to the representative for the Company, representative for the Union, and the Grievant, the following individuals attended all or part of the hearing:
1.  Todd Schroeder, General Manager for the Company, and
2.  David Heidbreder, Business Manager for the Union.

The Company and the Union stipulated that the grievance was properly before the Arbitrator and that prior grievance steps in the collective bargaining agreement were taken or waived by the parties.

At the hearing, the Company and the Union were afforded the opportunity for opening statements, the examination and cross-examination of witnesses, and the introduction of relevant documentary evidence.   In lieu of closing arguments, the parties elected to file post-hearing briefs.   The dispute was deemed submitted and the record closed on June 21, 2019, the date the post-hearing briefs were due and timely received.

## II.  ISSUE

Did the Company violate the CBA when it reassigned the administration of the Company's website from a bargaining unit employee to a non-bargaining unit employee; if so, what is the appropriate remedy?

## III.  FINDINGS OF FACT

1. The Company and the Union are parties to a collective bargaining agreement dated April 11, 2017.

2. Following are the relevant CBA provisions:

    a. <u>Article III</u>.  <u>Management Rights</u>.  All rights of management of all the affairs of the Cooperative are solely vested in and shall remain solely vested in the Cooperative and nothing in this Agreement shall limit the Cooperative in any way in the exercise of its functions of management, some of its functions of

management being, but not limited to, the direction of the working forces, the determination of the qualifications of its employees, the determination of the number of employees it will employ or retain, the right to employ, discipline, discharge, promote, classify, demote, transfer and lay off its employees; provided however, laying-off and re-employment shall be made as provided in the seniority clause of this Agreement.

It is further agreed that this enumeration of management prerogatives shall not be deemed to exclude any other management prerogatives not herein enumerated.

    b. Article IV. Recognition of the Union by Cooperative. Section 1. The Cooperative recognizes the Union as the sole collective bargaining representative for all the regular employees of the Cooperative within the bargaining unit defined in the certification of the National Labor Relations Board dated August 4, 1986, in Case No. 14-RC-10113 and Case No. 14-RC-10119, in all matters covered by this Agreement, provided, that any individual employee or group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective bargaining agreement then in effect, provided further that the bargaining representative has been given the opportunity to be present at such adjustment.

3. Following is the grievance, giving rise to this arbitration:

Union Grievance Dated 10-12-18.

Nature of Grievance: Duties of bargaining unit work is being done by non-bargaining unit employee.

Working Condition or Contract Clause at Issue: Non-bargaining unit employee . . . has been told to take over duties being performed by bargaining unit employee [Grievant], the duty consisted of administration of the [Company's] website.

Remedy Requested: [Grievant] requests to remain administrator of [Company's] website, to continue to perform updates, format changes, and all other duties that she has been performing concerning website, which she has done for the last 15+ years.

4. The Grievant began employment with the Company on March 16, 1988 and has held various bargaining unit positions with the Company, such as Administrative Assistant, Cashier, and Accounts Receivable/Billing Clerk.

5. In early 2002, when Grievant was an Administrative Assistant, the then Company Chief Executive Officer requested the Grievant to set up a website for the Company. The Grievant researched and developed such a website, which was uploaded to the web by a third-party vendor.

6. Since 2002, Grievant has updated the Company's website, ensured that the same was functioning properly, kept the same current, uploaded new content, created "buttons" for bill pay, customer service, etc.

7. The Grievant has attended numerous training sessions on website designs and functionality.

8. The administration of the website was continuously performed by the Grievant, in conjunction with her other assigned duties.

9. The Company has always been pleased with the Grievant's work as administrator of the website.

10. The Grievant took a leave of absence from August 15, 2018 to October 8, 2018.  During the Grievant's leave of absence, the Company reassigned the administration of the website to a non-bargaining unit employee.

## IV.   DISCUSSION

Preservation of work contractually entitled to members of a bargaining unit is central to most collective bargaining agreements, see, e.g., *Holland Plastics*, 74 LA 69 (Belcher, 1980); *KIRO-TV*, 51 LA 1221 (Peck, 1968), and *Virginia Elec. & Power Co.*, 48 LA 305 (Porter, 1966). The current collective bargaining agreement before the Arbitrator is no exception to this rule.  In Section IV of the CBA, the Company recognizes the Union as the sole and exclusive bargaining representative for bargaining unit employees.

A seminal case in this area is *America Sugar Refining Co.*, 36 LA 409 (Crawford 1960). In that case, the Arbitrator commented:

> Obviously, the Company cannot recognize the Union as exclusive agent for its unit employees, agree upon terms of employment, and then proceed arbitrarily to reduce the scope of the unit or to undercut the terms of the Agreement (*id*. at 414).

The underlying reasoning for such a view has been further elaborated as follows:

> Job security is an inherent element of the labor contract, a part of its very being.  If wages are the heart of the labor agreement, job security may be considered its soul. Those eligible to share in the degree of job security the contract affords are those to whom the contract applies. . . .
>
> The transfer of work customarily performed by employees in the bargaining unit must therefore be regarded as an attack on the job security of the employees whom the

agreement covers and therefore as one of the contract's basic purposes. *New Britain Mach. Co.*, 8 LA 722 (Wallen, Knauss & Kosinki, 1947).

In the case before the Arbitrator, the Arbitrator finds that the administration of the Company's website is routinely and customarily performed by an employee of the bargaining unit, to wit, the Grievant has performed administration of the Company's website since its inception in 2002. The Grievant has the knowledge and skills available to perform such work. The Grievant has always performed the work in an excellent manner. The Arbitrator would be remiss of his duties to find that administration of the Company's website is not bargaining unit work. As such, it was a violation of the CBA for the Company to reassign the administration of the Company's website from a bargaining unit member to a non-bargaining unit member.

The Company has respectfully argued that Article III, dealing with management rights, allows the Company the option to reassign work as it determines. The Arbitrator finds that although Article III is broad, it is not so broad in scope to allow work belonging to the bargaining unit to be taken away from the bargaining unit. Article III allows the Company the right to direct the working forces, to determine the qualifications of its employees, to determination the number of employees it will employ or retain, the right to employ, discipline, discharge, promote, classify, demote, transfer, and lay off its employees. However, Article III does not nullify, modify, diminish, or alter Article IV of the CBA.

The Company has also respectfully argued that the reassignment of the administration of the website has not resulted in a layoff or reduction of hours for the Grievant. The Arbitrator finds that this is correct; however, it does not justify or otherwise excuse the reassignment of bargaining unit work to a non-bargaining unit employee.

Finally, the Company has argued that the current General Manager of the Company met with the Grievant in June of 2018 and explained that certain changes were to be forthcoming, such as the administration of the website. The Arbitrator finds that such a meeting did occur; however, such communication of proposed changes could not and and does not override or supersede the provisions of the CBA.

## V.  AWARD

Having heard and carefully reviewed the evidence in this case and in light of the above Discussion, the grievance subject to this arbitration is sustained.   The Grievant shall continue as administrator of the Company's website.

SO AWARDED THIS 10th DAY OF JULY, 2019

Richard Van Kalker
Arbitrator