UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LEWIS COUNTY RURAL ELECTRIC COOPERATIVE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 2:19 CV 79 DDN |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 2, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM**

This action is before the Court on the motion of defendant International Brotherhood of Electrical Workers, Local Union No. 2 ("Union"), for summary judgment on its counterclaim to confirm and enforce an arbitration award, and to dismiss plaintiff's complaint which seeks to vacate the arbitration award (Doc. 18), and on the motion of plaintiff Lewis County Rural Electric Cooperative Association ("Employer"), for summary judgment to vacate the arbitration award (Doc. 21) and its motion to dismiss the case as moot and to vacate the decision of the arbitrator (Doc. 31).  The Court heard oral argument from the parties on May 11, 2020.

The Court has subject matter jurisdiction over the action pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a); the Federal Arbitration Act, 9 U.S.C. §§ 9-13; and 28 U.S.C. §§ 1331 and 1337.   All parties have consented to the exercise of plenary authority in this action by a United States Magistrate Judge under 28 U.S.C. § 636(c).

**BACKGROUND**

Plaintiff Employer alleges the following facts in its complaint. (Doc. 1.)  On October 12, 2018, Union filed a grievance on behalf of Tamberly Tate ("Grievant") after her duties related to maintaining Employer's website were transferred to the Manager of Member Services/Government Relations, because that Manager's duties included public relations, marketing, advertising, communications with customers, and Facebook social media administration. (*Id.* at 3-4.)

Previously, the "Rural Missouri" newsletter duties were shifted from the Grievant to the same manager and no grievance was filed. (*Id*. at 4.)

On October 28, 2018, a letter sent by Employer's General Manager/CEO to Union denied the grievance. (*Id*. at 5.) On May 8, 2019, an arbitration hearing was held in the matter. (*Id*.) On July 10, 2019, the Arbitrator issued an Opinion and Award, which ruled for Union. A copy of the Award is attached to the Complaint as Exhibit A. (*Id*.) Plaintiff Employer claims the Arbitration Award should be vacated and set aside for the following reasons:

> a. The Arbitrator's Award does not draw its essence from the lawful provisions of the Contract, in that the Arbitrator failed to follow the specific clauses bargained by the parties and contained in the Contract and, rather, added and followed an "implied" clause which was not bargained by the parties and does not exist in the Contract.
>
> b. The Arbitrator exceeded his powers by going beyond the limits of his authority contained in the Contract.
>
> c. The Arbitrator instilled his own personal standards of industrial justice.

(Doc. 1 at 6-7.)

On November 26, 2019, defendant Union filed its answer and counterclaim to enforce the Arbitration Award against Employer. (Doc. 7.) Both plaintiff (Doc. 21) and defendant (Doc. 18) filed motions for summary judgment regarding the enforcement of the arbitration award.

Finally, effective May 6, 2020, Grievant in this matter retired from Employer. (Doc. 31 at 2.)

## STIPULATED ARBITRAL RECORD

On January 23, 2020, the parties filed a Stipulated Arbitral Record of proceedings before Arbitrator Robert Van Kalker ("A.R."). (Doc. 17.) The parties' arbitration arose under the Collective Bargaining Agreement ("CBA"), relevant provisions III and IV, dated November 9, 2017. (*Id.* at 3-5.) In the arbitration hearing, held on May 8, 2019, the parties stipulated that the grievance was properly before the arbitrator and that prior grievance steps required by the CBA were either performed or were waived by the parties. (*Id*.) The dispute was deemed submitted and the record closed on June 21, 2019. (*Id*. at 4.) The following is the Union grievance dated 10/12/18, giving rise to this arbitration:

> (a) Nature of Grievance: Duties of bargaining unit work is being done by non-bargaining unit employee.

2

> (b) Working Condition or Contract Clause at Issue: Non-bargaining unit employee . . . has been told to take over duties being performed by bargaining unit employee [Grievant], the duty consisted of administration of [Employer's] website.
>
> (c) Remedy Requested: [Grievant] requests to remain administrator of [Employer's] website, to continue to perform updates, format changes, and all other duties that she has been performing concerning website, which she has done for the last 15+ years.

(*Id.* at 5.)

Grievant began employment with Employer on March 16, 1988, and has held various bargaining unit positions with Employer, such as administrative assistant, cashier, and accounts receivable/billing clerk. (*Id*. at 6.) In early 2002, when Grievant was an administrative assistant, the then Chief Executive Officer of Employer requested that Grievant set up a website for Employer. (*Id*.) Thereafter, Grievant updated and maintained Employer's website, attended training sessions, and continuously performed the administration of the website, until Grievant took a leave of absence, from August 15 to October 8, 2018, during which Employer reassigned the administration of the website. (*See id*.)

The arbitrator identified the following issue for decision: "Did the Company violate the CBA when it reassigned the administration of the Company's website from a bargaining unit employee to a non-bargaining unit employee; if so, what is the appropriate remedy?" (*Id*. at 4.) After hearing arguments and considering closing briefs, the arbitrator found that "the administration of the Company's website is routinely and customarily performed by an employee of the bargaining unit, to wit, the Grievant has performed administration of the Company's website since its inception in 2002." (*Id.* at 8.) The Arbitrator further held "it was a violation of the CBA for the Company to reassign the administration of the Company's website from a bargaining unit member to a non-bargaining unit member." (*Id.* at 8.) Accordingly, the grievance was sustained. The arbitrator on July 10, 2019, ruled: "The Grievant shall continue as administrator of the Company's website." (*Id.* at 10.)

## **DISCUSSION**

This case involves judicial review of an arbitrator's award relating to Employer reassigning certain duties from Grievant to a non-union employee. In her grievance, Grievant requested to

remain the administrator of the company website, to continue to perform updates and format changes, and all other duties that she had been performing concerning the website for more than 15 years. (Joint Ex. 2; A.R. 44.) The Arbitrator's Award sustained the grievance and stated "[t]he Grievant shall continue as administrator of the Company's website." (A.R. 9.)

However, during the pendency of this case, Grievant retired from her lengthy employment with Employer, effective May 6, 2020.  Notice of her retirement was provided by Grievant to both parties. (Doc. 31, Ex. C.)  Because of her retirement, the arbitrator's award cannot be carried out and the case has become moot.  The Court declines to conduct its judicial review of the merits of the parties' claims and finds that the Arbitration Award should be vacated.

Both defendant Union and plaintiff Employer move for summary judgment, arguing whether the arbitration award should be enforced or vacated.  Defendant argues to enforce the award and dismiss plaintiff's complaint, while plaintiff argues to vacate the arbitration award.  On May 8, 2020, plaintiff Employer moved to dismiss the action as moot due to the Grievant's retirement, and to vacate the arbitration award under the legal principle of vacatur. (Doc. 31.)

Vacatur is an equitable remedy and an established practice to be considered applied in a federal civil case that has become moot while pending a judicial decision on the merits. *See United States v. Flute*, 951 F.3d 908, 909 (8th Cir. 2020) (explaining the established practice of Vacatur) (citing *United States v. Munsingwear, Inc*., 340 U.S. 36, 39-40 (1950)).  Vacating a decision serves the interests of justice when it clears the path for future litigation of the issues, when review was prevented through happenstance at a preliminary phase of litigation. *See generally Munsingwear, Inc*., 340 U.S. at 39-40.  In *Flute*, wherein vacatur was not applied, the case presented a live controversy at the time that court decided it, unlike here where the live controversy was extinguished by the retirement of Grievant, mooting the arbitrator's decision and remedy of reassigning Grievant to the subject duty "as administrator of the Company's website". *See Flute*, 951 F.3d at 909-10; (Doc. 17 at 9.)  Further, the specific facts the arbitrator relied upon to conclude that the website administrator work is bargaining-unit work were specific to the Grievant's employment circumstances. (Doc. 17 at 5-7.)

In *Murphy v. Hunt*, although factually dissimilar, the United States Supreme Court found it clear that pretrial bail was moot upon conviction, because the question was no longer live and even a favorable decision would not have entitled Hunt to bail. 455 U.S. 478, 481-82. (1982). Likewise here, even a favorable decision by this Court would not entitle Grievant to administer

4

the Company website since her retirement. In *Clinchfield Coal Company v. District 28, United Mine Workers of America*, a factually more similar case, an arbitrator decreed that the employer could not send coal to a non-union coal preparation plant and the employer filed an action to vacate the decision of the arbitrator. 45 F.Supp.2d 513 (W.D. Va. 1998). While that case was pending, the employer's coal mine in issue was permanently closed. *Id.* Upon notification to that court, the case was dismissed as moot and the decision of the arbitrator was vacated, based upon the legal principle of vacatur. *Id.* at 516. *Cf., Sanitary Board of Charleston, West Virginia v. Pruitt*, 2018 WL 1582730 at *6-7 (S.D. W. Va. 2018).

## CONCLUSION

For the reasons stated above, plaintiff's motion to dismiss the action as moot and to vacate the Arbitrator's Award is sustained. The motion of plaintiff for summary judgment is denied as moot. The motion of defendant for summary judgment on its counterclaim is denied as moot.

An appropriate Judgement Order is issued herewith.

/s/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 18, 2020.